**GILLILAND, Plaintiff-Appellee, v. JUSTICE, et., Defendants-Appellants.**

Ohio Appeals, Second District, Franklin County.

No. 3921—Decided November 1, 1946.

268

B. N. Murray, Columbus, for plaintiff-appellee.
. Howard H. Gillard, Columbus, for defendants-appellants.

## OPINION

By HORNBECK, J.

This is an appeal on questions of law from a judgment of the Common Pleas Court, dismissing defendants' appeal from a judgment of the Court of Walter R. Baker, Justice of the Peace of Mifflin Township, Franklin County, Ohio. The judgment in the trial court was for money claimed to be due plaintiff from defendants for the purchase price of certain personal property. The judgment entry in the Common Pleas Court is a dismissal of defendants' appeal "for the reason that the same was not filed within the time prescribed by statute * * *"

The one and only determinative question before us is whether the appeal was properly dismissed.

An examination of the transcript from the docket of the Justice of Peace shows no notice of appeal having been filed in the office of the Justice of the Peace, as would be required upon an appeal on questions of law, within ten days after the judgment. Sec 12223-7 GC. The other type of appeal provided by §10382 GC is not effective unless and until a bond is filed with the Justice within ten days from the rendition of the judgment. There is an appeal bond in the transcript but manifestly it was given many months after the judgment.

No appeal having been perfected as provided by the statute the judgment of the Common Pleas Court is correct. What we have heretofore said is dispositive of the only question which is properly before us on this appeal and anything that

we state hereafter is volunteered for the benefit of counsel who has briefed the questions at considerable length.

Appellants in this Court and in the Common Pleas Court sought to urge as error the fact that a judgment was entered against them while there was pending before the Justice of the Peace a motion for new trial of which no disposition had been made. The difficulty with this question is that we are without sufficient factual data to support the claim of appellants that any motion for new trial was pending at the time that the judgment was entered. In fact the transcript, in so far as it can be interpreted, refutes this theory.

The transcript being silent as to the date of the judgment a presumption of its validity attends. The section controlling, §10378 GC, requires that the Justice enter the judgment on or by the fourth day after trial had before the Justice. If it is entered after the period provided, it is void. **Derby v Heath**, 59 Oh St 54. There is no such claim here.

The provision for a new trial, §10532 GC, is that it may be granted at any time within four days after the entering of the judgment on the verdict if the Justice is satisfied that the verdict was obtained by fraud, partiality or undue means. Query, whether this section has any application to a judgment entered on a trial to the Justice without a jury. If it has application, the motion should at least recite that the judgment was obtained by fraud, partiality or undue means. A judge of the Superior Court of Cincinnati in Stone v. State, 12 O. D., 154, has held that Justices of the Peace have no jurisdiction to grant motions for new trials except for the grounds set out in Sec. 6560 R. S., now §10532 GC.

Although the Justice in the transcript speaks of the motion for new trial having been filed and counsel discusses it at length, its subject matter does not appear. In any event, there is nothing in the Code which by express provision or by implication indicates that a Justice of the Peace may not enter judgment on trial had before him before ruling on a motion for new trial even if filed within four days after the trial. It is contemplated by the express language of the statute, §10352 GC, that the new trial be granted after the judgment.

Counsel for appellants in the assignment of errors urges that there is error at law because the record submitted is not the real record. Manifestly, it is the obligation of an appellant to have a proper record of the proceedings from the Court in which the appeal is prosecuted prepared and filed in the Court to which the appeal is made. Counsel for appellant in this Court prepares what he calls "Exhibit," as a part of the assignment of errors, which he designates, a true copy of the bill of particulars. This may not be done in this manner

for the obvious reason that it is not approved and allowed by the Justice of the Peace who, only, under the law has the authority to authenticate his record for the purpose of appeal.

The second error assigned is, that the "record and transcript show no answer filed, yet it purports to show a trial." Granted that this factual statement is true, it would not in itself affect the validity of the judgment.

The third error relates to the motion for new trial which we have discussed.

The fourth and fifth may be encompassed under the statement "other errors."

The foregoing opinion was prepared before the filing of the brief of the appellee. In addition to the claimed errors which we have discussed it is asserted that the appeal to this Court from the Court of Common Pleas is not effective because the notice of appeal was filed before the judgment entry. An examination of the transcript of the docket and journal entries of the Common Pleas Court establishes the fact to be as claimed by the appellee. The notice of appeal was therefore filed at a time when there was no final order of the judgment to which the appeal could be directed. See Sec. 12223-7 GC; **Columbus Railway, Power & Light Co. v C. & Z. Furniture, Warehouse & Auction Co., 44 Oh Ap 159.**

The judgment must be affirmed.

WISEMAN and MILLER, JJ, concur.